Scatterwood **KEARNEY**, Appellant,

v.

**C. C. PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10337.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 10, 1966.

Decided April 25, 1966.

R. W. Duling, Richmond, Va., Court-assigned counsel (Wicker, Baker & Goddin, Richmond, Va., on brief), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, and James Parker Jones, Asst. Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and HUTCHESON, District Judge.

J. SPENCER BELL, Circuit Judge:

This is an appeal from a denial of habeas corpus after a plenary hearing. Scatterwood Kearney was convicted of unlawfully wounding a police officer and sentenced to five years in the state penitentiary. At his trial he was represented by counsel of his own choosing. Upon petition for habeas corpus he raises two contentions. First, that the failure of the court to charge the jury on self-defense denied him a fair trial. And second, that the incompetence of his counsel in failing to request such a charge denied him his right to the assistance of effective counsel.

At the conclusion of the trial the jury was charged as to five points. Two had been requested by the prosecution: an explanation of the elements of the offenses of which the defendant could be convicted and the prosecution's version

of the meaning of reasonable doubt. Three charges had been requested by the defense: an explanation of the presumption of innocence, the defense's version of reasonable doubt, and a definition of the terms maiming, disfiguring and disabling. Two other defense requests relating to the definition of maliciousness and intent were denied. Though the defendant had testified that he acted only after an unprovoked attack by the police officer, no instruction as to self-defense was requested or given.

 We do not determine that the failure of the court to charge the jury on self-defense was not error or that counsel measured up to the best standards of the profession in failing to request such a charge. We find, however, that such dereliction did not sufficiently infect the trial so as to make it fundamentally unfair, in violation of the Constitution, thus allowing the remedy of habeas corpus. "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." Grundler v. State of North Carolina, 283 F.2d 798, 802 (4 Cir. 1960).

It is well settled that habeas corpus cannot be used as a writ of error to review the proceedings of the trial court. Bernard v. Brady, 164 F.2d 881 (4 Cir. 1947), cert. denied 332 U.S. 856, 68 S.Ct. 386, 92 L.Ed. 425 (1948). "Normally, * * * the sufficiency of * * * instructions * * * are matters of state law and procedure not involving federal constitutional issues." *Grundler*, supra. The jury here was properly instructed as to the presumption of innocence, the various charges of which the defendant could be convicted and the penalties for each. The jury found him guilty of unlawful wounding, a more serious charge than assault and battery but less serious than malicious wounding, the two other possible verdicts. The jury further fixed the sentence at the maximum permissible term for the offense. We cannot find that the failure to charge the jury as to self-defense constituted such unfairness as to be a violation of constitutional due process.

The defendant selected his own trial counsel. "It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right." Snead v. Smyth, 273 F.2d 838, 842 (4 Cir. 1959). Upon review of this case we cannot find that the conduct of counsel was such as to violate the petitioner's constitutional rights. The due process requirement is met by reasonable best efforts of the attorney. This is especially true where, as here, the attorney is of the client's own choosing. Root v. Cunningham, 344 F.2d 1, 3 (4 Cir. 1965).

The decision of the district court is

Affirmed.