**Donald Edward BENNETT, Appellant,**

v.

**STATE OF MARYLAND, and Harold Boslow, Director of Patuxent Institution, Appellees.**

**No. 12806.**

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1970.

Decided April 28, 1970.

Alan D. Yarbro, Baltimore, Md. (Court-appointed counsel), for appellant.

Donald Needle, Asst. Atty. Gen. of Maryland (Francis B. Burch, Atty. Gen. of Maryland, and Alfred J. O'Ferrall, III, Asst. Atty. Gen. of Maryland, on the brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge.

This is an appeal from denial in the district court of a petition for writ of habeas corpus. We affirm.

At his trial for rape of a 15-year-old girl, Donald Edward Bennett was represented by court appointed counsel who was "experienced in the trial of serious criminal cases" and "respected at the bar for his integrity."[1] Even so, it is urged upon us that the performance of Bennett's counsel was so entirely inadequate that he was effectively denied the right of counsel guaranteed by the Sixth Amendment.

Trial counsel interviewed Bennett twice prior to trial, spending some 30 to 45 minutes with him. From the first interview Bennett told his attorney that he had sexual intercourse with the girl and that he was intoxicated at the time. Trial counsel then sought and obtained permission to examine the entire state file including a report of a medical examination tending to show that the victim had been a virgin and that penetration by some instrument or organ had occurred. Counsel next sought to interview the only possible defense witness present at the scene of the alleged offense, a male companion of Bennett's whose name was Martin. Unfortunately, Martin was also charged with felonious assault on another girl in the same car at the same time. After talking with Martin's lawyer, counsel for Bennett concluded, not unreasonably we think, that, if called upon to testify, Martin would either take the Fifth Amendment privilege and refuse, or would testify adversely to Bennett.

---

1. The quotes are from appellant's brief on appeal.

Bennett's trial counsel is now criticized for having brought out in his direct examination of Bennett that intercourse had occurred and having elicited from Bennett his prior criminal record. We think any sensible lawyer might have done the same under like circumstances. Bennett never denied penetration, and the girl's testimony plus the medical testimony would have established it. Since the indictment included a count of carnal knowledge and it appeared that the girl was only 15, conviction of the lesser offense was the best that could be expected, even if her consent were established. *See* Anno. Code of Md., art. 27, § 464. An experienced trial lawyer would prefer to bring out himself his client's prior criminal record than to have it subsequently done, after conviction on the lesser count, by a less sympathetic state attorney.[2]

Even with hindsight, we cannot say that defense counsel incorrectly appraised the situation. He knew that the prosecutrix was a 15-year-old virgin who immediately complained to her aunt and raised outcry, and that her testimony would be corroborated by her 18-year-old cousin. Bennett was 25 years old, intoxicated at the time of the offense, and he and the victim were previously unacquainted with each other. Trial counsel may have reasonably speculated that girls this age do, of course, consent —but usually not to intoxicated strangers, and that this might also occur to the court. The situation was such as to fully justify trial counsel in urging upon Bennett a plea of guilty. That he instead went to trial before the court on a plea of not guilty and was candid with the court about his client's prior criminal record, may now be viewed as perhaps unwise, but it does not seem to us to amount to ineptitude.

We are not convinced on this record that Bennett's trial counsel made any serious mistakes in the representation of the petitioner. But, if he did, "[i]t is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights." Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959). Kearney v. Peyton, 360 F.2d 589 (4th Cir. 1966); Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965); Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964).

We have carefully considered petitioner's other points of error and find them to be so wholly lacking in merit as not to warrant discussion.

Affirmed.

2. The trial was before the court without a jury.