**Ernest William CABBLER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 71–C–30–R.**

United States District Court, W. D. Virginia, Roanoke Division.

April 19, 1971.

James G. Welsh, Asst. U.S. Atty., Roanoke, Va., for the United States.

OPINION and JUDGMENT

DALTON, Chief Judge.

This cause is before the court on a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. The petitioner attacks a conviction rendered against him in this court on December 11, 1969 on a charge of possession of a firearm after previous conviction of a felony.

Cabbler received a sentence of one year with eight months suspended and three years probation. An appeal was made to the United States Court of Appeals for the Fourth Circuit, 429 F.2d 577, which affirmed the conviction and subsequently to the Supreme Court which denied a petition for a writ of certiorari, 400 U.S. 901, 91 S.Ct. 138, 27 L.Ed.2d 138.

In support of his motion, Cabbler alleges that he was not allowed to testify in his own behalf, that he did not understand his right to a jury trial, that trial was "rushed" because of his indigency, that he did not have the opportunity to question prosecution witnesses, and that he did not have the opportunity to present any character witnesses in his own behalf. When viewed in the context of the actual facts of the case, these allegations are frivolous and without merit.

At the time Earnest Cabbler was under indictment, his brother, Herbert William Cabbler, was also under indictment for other violations pertaining to

the Gun Control Act. Herbert employed a competent attorney to represent him and this court appointed that same attorney to represent Earnest on the charge against him.

By his counsel, Earnest made a vigorous attack on the constitutionality of the provision of the Gun Control Act under which he was charged and he also made a challenge to the legality of an alleged search and seizure. The case was submitted to the court on a stipulation of facts. After holding the statutory provision constitutional and finding that no illegal search and seizure had been committed, the court found Cabbler guilty. The defendant then remained free on bond until after the Fourth Circuit Court of Appeals affirmed his conviction and the Supreme Court denied a writ of certiorari.

▮ As is the unvarying custom in this court, Cabbler was advised during his arraignment of his rights to a full trial in open court before a jury. After being advised of these rights, Cabbler signed a document which contained in large letters the title, "Waiver of Jury Trial." Cabbler's signature was witnessed by his attorney and this document is contained in the record of the criminal trial. The court is unwilling to accept now the petitioner's allegation that he did not understand his right to a jury trial. Federal courts are extremely busy and, while they are anxious to protect against injustice, they do not have the time to afford hearings to petitioners who seek relief by denying the effect of solemn documents signed by themselves in open court. Petitioner's claim is not sufficient to justify relief and the court believes that the record demonstrates that Cabbler intentionally relinquished a known right.

▮ All of Cabbler's complaints concern the fact that his case was submitted to the court on a stipulation of facts rather than being tried in open court. It is uncontroverted that Cabbler had been convicted previously of a felony and that he did in fact possess a gun in violation of the Gun Control Act. Any likelihood of acquittal by a jury on factual grounds was minimal and of course the judge rather than the jury would determine punishment. Under these circumstances Cabbler's attorney decided to make his defense upon legal grounds. Since in any case the constitutionality of the law and the legality of the seizure would be ruled upon by the court, there was no real reason to demand a full trial before a jury. Therefore, counsel agreed to allow the court to consider arguments based upon stipulated facts. Even in retrospect the court is unable to say that Cabbler's attorney should have employed a different strategy in his defense. Even if his attorney was mistaken, however, such an error on the part of counsel does not by itself deprive a defendant of his constitutional rights to a fair trial and effective assistance of counsel. Bennett v. State of Maryland, 425 F.2d 181 (4th Cir. 1970); Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964). All that Cabbler has shown in his petition is that he now wishes his defense had been conducted in a different manner and he does not show that his rights were violated.

The court is of the opinion that the records and files conclusively show that the petitioner is not entitled to relief and, therefore, that no hearing on the motion is necessary. In view of the foregoing opinion, the motion pursuant to 28 U.S.C.A. § 2255 should be and hereby is dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within sixty days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within sixty days may result in a denial of the right of appeal. The notice of appeal shall state the following:

a) the judgment, order or part thereof appealed from;

b) the party or parties taking the appeal; and

c) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send certified copies of this opinion to the petitioner and to counsel for the respondent.