**UNITED STATES of America, Plaintiff-Appellee,**

v.

**J. Frank HANCOCK, Defendant-Appellant.**

**No. 28067.**

United States Court of Appeals, Fifth Circuit.

April 28, 1971.

Rehearing Denied May 27, 1971.

Loyd C. Mosley, N. S. Gould, Clearwater, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Thomas G. Wilson, Special Asst. U. S. Atty., Hugh N. Smith, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

J. Frank Hancock, former president and principal organizer of the Clearwater Capital Corporation, was charged in a nine count indictment with embezzling, abstracting, and willfully misapplying small business investment company funds in violation of 18 U.S.C.A. § 657. Following a jury trial he was convicted and sentenced to concurrent five-year terms on all counts. We affirm.

[1, 2] Initially Hancock alleges error of constitutional dimensions by asserting that the Trial Court's denial of his motions for a list of government witnesses and a discovery order for the purpose of taking their depositions violated his rights under the Fifth and Sixth Amendments. We reject this contention. Apart from the Congressionally created exception in capital cases,[1] the granting of a defense request for a list of adverse witnesses is a matter of judicial discretion, and a denial can be challenged only for abuse. O'Neal v. United States, 5 Cir., 1969, 411 F.2d 131, 138, cert. denied, 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77; Downing v. United States, 5 Cir., 1965, 348 F.2d 594, 599, cert. denied, 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155. All of the major witnesses were individuals with whom the defendant had had significant personal or financial relations, and it does not appear that the list would have

1. 18 U.S.C.A. § 3432.

materially aided him in the preparation of his defense.

■ Likewise, with the scope of discovery in criminal prosecutions narrower than it is in civil cases, Campbell v. Eastland, 5 Cir., 1962, 307 F.2d 478, 487, cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502, and in the absence of a rule which permits the taking of depositions of witnesses who will appear at the trial of a criminal case, we cannot say at this juncture that such a procedure has yet been elevated to a constitutional plane even though some states have seen fit to adopt it.[2] In any event the defendant's relationship with the prospective witnesses precludes a finding that he was prejudiced by the denial of his motion for discovery.

■ Appellant also asserts that § 657 is fatally defective—presumably on grounds of vagueness—because it does not explicitly define the phrase "small business investment company," and that this omission can be cured only by the indictment's unwarranted addition of the words "licensed under the Small Business Investment Act." Since Title VII of the Small Business Investment Act of 1958 [3] amended the related criminal provision, we think it clear that the reference in § 657 is only to those businesses licensed under the Act, rather than to all small businesses generally. Clearwater Capital Corporation is thus a "small business investment company" designated by § 657.

■ As for Appellant's argument that he could more appropriately have been charged under 18 U.S.C.A. § 1006,[4] the obvious answer is that a criminal defendant has no choice in the matter. Prosecutorial decisions of this nature are wholly matters of Executive discretion. United States v. Cox, 5 Cir., 1965, 342 F.2d 167 (en banc), cert. denied sub nom. Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700.

■ Finally Appellant mounts a frontal assault on the sufficiency of the evidence, contending that the funds were not the property of the corporation at the time he acquired them. We think it clear from a careful reading of the record that there was ample evidence from which the jury could have concluded that the defendant had engineered a series of corporate loans entailing direct or circuitous repayments to himself, in which the borrowers—all personal or business acquaintances—were mere conduits through which the funds were ultimately rechanneled for his use or benefit, not the least of the benefits being that the equity capital required by the organizers of a small business investment company came from loans made by the company after it was set up. The predictable result of these transactions was that Hancock benefited and Clearwater Capital Corporation went into receivership. The evidence amply supports a finding of misapplication of corporate funds with criminal implications.[5]

Affirmed.

2. Fla.R.Crim.P. 1.220, 33 F.S.A.

3 "Section 657 of title 18, United States Code, is amended by inserting after 'Federal Savings and Loan Insurance Corporation,' the following: 'or any small business investment company.'" 72 Stat. 689, 698 (1958).

4. Fraudulent misapplication of funds is the essence of § 657, while § 1006 proscribes fraudulent receipt. United States v. Weaver, 7 Cir., 1966, 360 F.2d 903, 904.

5. We need not here belabor the technical and perhaps somewhat illusory distinctions between the terms "embezzle," "abstract," "purloin," and "willfully misapply," a problem we considered under the identical provisions of § 656 in Williamson v. United States, 5 Cir., 1964, 332 F.2d 123, 133. The Trial Court's instructions incorporated adequate definitions, and we think the jury might properly have concluded that the acts charged fell within any or all of these prohibitions.