**Julian Wayne HAZZARD, Petitioner,**

v.

**James D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–86–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 27, 1971.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 2241.

The petitioner, Julian Wayne Hazzard, is currently serving two consecutive ten-year sentences for malicious wounding pursuant to judgments imposed by the Hustings Court of the City of Roanoke, Virginia on July 29, 1969. The petitioner was represented by his personally retained attorney at his trial for the two offenses. At his trial the petitioner plead not guilty to each offense and was tried by a jury. From these convictions the petitioner attempted to appeal but his writ of error was denied by the Supreme Court of Appeals of Virginia on January 19, 1970. The issues raised by the petitioner in this present petition were also raised in a petition filed in the Hustings Court of the City of Roanoke which was denied and dismissed on April 24, 1970. The petitioner thereafter filed a petition for a writ of habeas corpus with the Supreme Court of Appeals of Virginia which denied the petition on April 27, 1971.

In the present federal habeas corpus petition the petitioner makes the following allegations of constitutional error:

The petitioner alleges that he was denied his right to effective assistance of counsel because his attorney conferred with him only twice during the seven months preceding the trial and because his counsel made detrimental remarks during his closing argument.

The petitioner also alleges that he was coerced to plead not guilty and that he was subjected to a jury trial against his will.

The petitioner further alleges that he was committed to Southwestern State Hospital in Marion, Virginia for mental observation, but the results of that examination were not made available to the court or to the jury. The petitioner claims that this amounted to unconstitutional suppression of the evidence.

He further alleges that there was an unproportionate ratio of Negroes on his jury and also that Negroes were systematically excluded from his jury. The

petitioner is that he was prejudiced by certain statements by one witness which were quoted by the Commonwealth Attorney in his closing argument.

■ The petitioner's first allegation last allegation of error asserted by the that he was denied effective assistance because his attorney conferred with him only twice prior to trial is without merit. In Bennett v. Maryland, 425 F.2d 181 (4th Cir.), cert. denied, 400 U.S. 881, 91 S.Ct. 126, 27 L.Ed.2d 120 (1970), the Court of Appeals of this circuit held that interviewing an accused twice before trial was not ineffective assistance of counsel. This court is of the opinion that *Bennett* is directly applicable to the case at bar on this point.

■ The court also feels that the petitioner's claim of prejudice by his attorney's comments in his closing argument is without merit. The petitioner alleges that the attorney stated "I do not deny that he shot those two people, he did. And I do not deny that he intended to maim, disable, disfigure and kill, he did." While in the ordinary sense such comments would seem to be very inappropriate for a defense counsel to make, under the circumstances of the case at bar this court does not feel that these remarks were prejudicial. The trial transcript reveals that the petitioner had testified in his defense, and in doing so he had admitted that he had shot the two individuals. (see transcript p. 110). The transcript also reveals that the petitioner's attorney was trying to show that the petitioner had been provoked by these individuals so as to mitigate the consequences of his act in the eyes of the jury. The record also reveals that after the jury had been discharged the trial judge commented on the excellent manner in which the attorney had handled a very difficult situation. In light of the foregoing reasons, this court does not feel that the remarks were of a nature which would render the representation inadequate and thereby constitute ineffective assistance of counsel. This court does not feel that there were any inadequacies which made

a "farce of the trial" or deprived the petitioner of his constitutional rights. Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959); see also Bennett v. Maryland, supra; Kearney v. Peyton, 360 F. 2d 589 (4th Cir. 1966).

■ It is also alleged by the petitioner that his rights were prejudiced because he was forced to plead not guilty. There is evidence in the record which shows that an offer of settlement was made by the Assistant Commonwealth Attorney before the petitioner's trial. In a letter addressed to the petitioner, dated October 9, 1969, and signed by the Assistant Commonwealth Attorney reference is made to an offer which was made before the trial which was rejected by the petitioner through his attorney. It appears to this court that the petitioner is attempting to use the fact that the settlement offered by the Commonwealth was more favorable to him than jury verdict in an effort to establish a form of coercion which lead him to plead not guilty. This contention is without merit. The petitioner chose to plead not guilty and reject the settlement offered. By making such a choice, the petitioner must bear the risks involved, and he cannot change his mind about such rejection once the jury returns a verdict which is less favorable to him. Under these circumstances this court fails to see how a plea of not guilty could be anything other than voluntary. The same reasoning applies to the petitioner's claim that he was subjected to a jury trial against his will. It is the opinion of this court that the petitioner's allegations in regard to his plea of not guilty and his jury trial are without merit.

■ The petitioner's allegation that the report of his mental examination was suppressed is without merit. While the record does not reveal whether or not the results of that examination were presented at the trial the petitioner never raised the defense of insanity. The result of the examination which was conducted at Southwestern State Hospital in Marion, Virginia was that the peti-

tioner was sane and competent to stand trial. That report, issued on May 7, 1969, states that the official diagnosis of the petitioner was that he had personality disorders and a passive-aggressive personality, but that he was not psychotic or insane. He had a full scale intelligence quotient of 108 on the Wechsler Adult Intelligence Scale which indicated that he was then functioning at the upper limits of average intelligence. His Rorschach test was negative indicating no evidence of psychosis. The Bender-Gestalt result was negative which indicated no organic disorders. The electroencephalogram was normal as was the X-ray of the skull. In light of the fact that the petitioner did not raise the defense of insanity and the results of his mental examination, this court finds no merit in the petitioner's contention that his rights were prejudiced.

■ The petitioner's allegations of error in regard to the unbalanced ratio of Negroes on the jury and the systematic exclusion of Negroes from his jury is without merit. The petitioner is a Negro, and the jury which convicted him consisted of eleven whites and one Negro. The Supreme Court of the United States held in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), that a defendant in a criminal case is not constitutionally entitled to a proportionate number of his race on the trial jury of the jury panel. Furthermore, in *Swain,* the Court stated that a Negro defendant is not entitled to a jury containing members of his race, but that Negroes could not be deliberately denied jury participation by being excluded from jury lists. The Court also held that the prosecutor's striking of Negroes from the jury panel under the peremptory challenge system does not constitute a denial of equal protection of the laws. In light of the fact that there was one Negro on the jury, and the fact that under *Swain,* supra, the

petitioner has the burden of proof, this court feels that the petitioner's claim is without merit.

■ ■ The petitioner's final claim is that he was prejudiced by the introduction into evidence of certain statements by one witness which were quoted by the prosecutor during his closing argument. The statement in question was made by one of the victims, Roma C. Willis, the petitioner's girlfriend, in answer to a question by the prosecutor as to why the petitioner had purchased the weapon used in the shooting incident. The statement made by Miss Willis was that "He was out to get Whitey—white people." (Transcript p. 31) There was no objection voiced to this statement when made or at any later time in the trial. The petitioner cannot use the federal habeas corpus procedure as a substitute for the function of the trial court. Buchalter v. New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943). In the case at bar, the trial court made no ruling on the statement because no objection was raised by the petitioner through his attorney. This court fails to find any violation of due process in this regard, and, therefore, is of the opinion that this claim is also without merit.

For the reasons given above the petitioner's request for a writ of habeas corpus is denied and dismissed. If the petitioner desires to appeal this judgment or any part thereof, he should file with the clerk of *this* court within thirty (30) days a notice of appeal. Failure to file a notice of appeal within thirty (30) days may result in a denial of the right to appeal. The notice of appeal shall state the following:

1. the judgment, order, or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the Court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.