**Don F. WOOD, Appellant,**

v.

**SUPERINTENDENT, CAROLINA CORRECTIONAL UNIT, Appellee.**

No. 72–2513.

United States Court of Appeals,
Fourth Circuit.

Argued April 1, 1974.

Decided Oct. 3, 1974.

---

Sy DuBow, Richmond, Va. [Court-appointed counsel] for appellant.

William A. Carter, III, Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Virginia, on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and WIDENER, Circuit Judges.

PER CURIAM.

In this habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, petitioner Wood alleges that his July 14, 1970 state court trial for petit larceny and his September 14, 1970 trial in the same court for credit card fraud were tainted by prejudicial pre-trial publicity, and that he was furnished ineffective assistance of counsel in both of these trials. We find no merit to Wood's allegations and affirm dismissal of the petition.

By his charge of pre-trial publicity, Wood implies the court erred in not granting a change of venue. The state court, at a plenary hearing on August 17, 1971, found the newspaper articles in question provided nothing more than general courthouse information, and that the last article published before the July 14, 1970 trial was on May 16, 1970, almost two full months before trial. The only article apparently published between the July and September trials was on July 15th, which stated only that Wood had been found guilty and sentenced in his trial of the previous day. The jurors for both trials were asked as a group whether they had any prior knowledge of the facts, and none responded affirmatively. Wood has not shown any prejudice resulting from the publicity, or that any juror was influenced, and we accordingly find that there was no constitutional violation. Wansley v. Slayton, 487 F.2d 90 (4th Cir. 1973).

The attorneys who had represented Wood at the various trials were all present at the state plenary proceeding when the court investigated the charge of ineffective counsel. Their representation was found proper, and the record discloses no inadequacy on the part of his court-appointed counsel. Accordingly, we find no merit to this claim. See Bennett v. Maryland, 425 F.2d 181 (4th Cir. 1970).

The judgment of the district court is

Affirmed.