Christine WILLIAMS, Gary Kennedy, and James Kennedy, Petitioners,

v.

William D. LEEKE, and the Attorney General of the State of South Carolina, Respondents.

Civ. A. No. 76–819.

United States District Court, D. South Carolina, Columbia Division.

Oct. 1, 1976.

## ORDER

HEMPHILL, District Judge.

After hearing testimony for two days, including the testimony of all three defendants on trial, a jury found the petitioners guilty of armed robbery in York County, and sentencing followed on January 15, 1975. A timely notice of appeal was filed, after which the two trial attorneys were relieved of responsibility for appeal, and another attorney was appointed for this purpose.[1]

Seven questions were argued on appeal. These are set out fully in the pleadings on file herein, and in the opinion of the Supreme Court of South Carolina which affirmed the judgment of conviction on March 10, 1976, *State v. Williams et al.,* 266 S.C. 325, 223 S.E.2d 38. Repetition of the exceptions here is therefore unnecessary.[2] The Supreme Court of South Carolina discussed the questions fully, and disposed of all but one on the basis of settled South Carolina law. The single question not decided was an allegation that the trial attorneys for the petitioners were ineffective. Because this contention had not been raised before the trial judge, the Supreme Court declined to hear it for the first time at its appellate level.

■ In their petition *sub judice,* the petitioners are merely reasserting the same grounds raised on their direct appeal to the Supreme Court of South Carolina. Only the numerical sequence of the questions raised, or sought to be raised, has been changed.[3] All the grounds raised relate to matters of substantive law and procedure which govern criminal trials in South Carolina, and this Court perceives no constitutional error in the disposition of these questions by the South Carolina Supreme Court. The petitioners simply disagree with the verdict of the jury and the various rulings of the South Carolina trial and appellate courts. In the absence of a denial of a right secured by the Constitution, such disagreement presents no ground to justify federal post-conviction relief. See, *e. g., Harrison v. Boles,* 307 F.2d 928, 931 (4 Cir. 1962), and *Grundler v. State of North Carolina,* 283 F.2d 798, 801–802 (4 Cir. 1960).

■ There is an abundance of evidence in the trial record to support the verdict of the jury in petitioner's case, and the probative strength of the State's case against the petitioners does not present an issue here. *Williams v. Peyton,* 414 F.2d 776 (4 Cir. 1969). The fact-finding function of a state court jury is not transferred to a federal court by the filing of a petition for habeas corpus. *Holloway v. Cox,* 437 F.2d 412 (4 Cir. 1971). A federal court's inquiry into alleged errors in state trials is limited to a determination of whether the habeas petitioner's due process rights have been violated. *Cf. Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), and *Donnelly v. De Christoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).[4]

1. Thomas A. McKinney was retained by Christine Williams before trial, and he was appointed to represent James Kennedy. Keith A. Gatlin was appointed to represent Gary Kennedy. Roy T. Stuckey, who is acting as counsel for petitioners in the instant habeas case, was appointed to handle Gary Kennedy's appeal, and because no conflict was apparent, Mr. Stuckey also handled the appeal for Christine Williams and James Kennedy. Mr. Stuckey is a staff attorney of the Corrections Clinic at the University of South Carolina Law Center.

2. The facts of the criminal offense as brought out at the trial are also summarized fully in the opinion of the Supreme Court.

3. The wording is slightly different, but the substance of questions 1, 5, 6 and 7 on the appeal are repeated here as grounds bearing the same numbering sequence. Questions 2, 3 and 4 on appeal are numbered respectively as grounds 3, 4 and 2 in the petition.

4. Petitioners contend that one portion of the charge of the trial judge was improper. *Cupp v. Naughten, supra,* makes it clear that a portion of an instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. When so viewed, the charge criticized here did not deprive petitioners of a constitutional right.

The petitioners contend that the refusal of the South Carolina Supreme Court to consider their arguments that their trial attorneys were ineffective represents an exhaustion of their state remedies within the meaning of 28 U.S.C. § 2254. The respondents argue to the contrary. This Court has carefully considered the matter, and has concluded that exhaustion of state remedies has not occurred.[5] Whatever criticism petitioners have about the tactics and strategy employed by their attorneys should be aired in a state court initially, and petitioners expect too much when they ask this Court to, in effect, reverse the highest court of South Carolina because it refuses to pore over a lengthy trial record to decide whether two trial lawyers made errors of judgment at critical points in a three-day trial. The Supreme Court was precisely correct when it stated that such an endeavor would be tantamount to invoking its own original jurisdiction.

The contention by a convicted prisoner that he was not effectively represented by counsel at trial is a question of fact. *Root v. Cunningham,* 344 F.2d 1 at p. 3 (4 Cir. 1965), *cert. denied* 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965). Unless the representation of a prisoner was so transparently inadequate as to make a farce of his trial, the prisoner has not been denied effective representation.[6] See also *Bennett*

*v. Maryland,* 425 F.2d 181, 182 (4 Cir. 1970), *cert. denied* 400 U.S. 881, 91 S.Ct. 126, 27 L.Ed.2d 120 (1970); *Horne v. Peyton,* 356 F.2d 631 (4 Cir. 1966); and *Kearney v. Peyton,* 360 F.2d 589 (4 Cir. 1966).[7] This Court is unwilling to make a finding of ineffective counsel on the basis of the trial record and the pleadings and briefs on file in the face of the authorities cited herein. The issues must be fairly presented to the courts of South Carolina, as mandated by numerous decisions in this Circuit, and by *Picard v. Connor,* supra, 404 U.S. at pages 275–6, 92 S.Ct. 509. The factual matters necessary for a determination of the questions urged in the petition as to the effectiveness of petitioners' trial attorneys should be fully developed in a supplemental proceeding in which the attorneys themselves could be called to testify, if necessary. The principle of exhaustion necessitates that such proceeding take place in a South Carolina court rather than here, if the question must be litigated. It would be inappropriate for this Court to second-guess a defense attorney's conduct of his case in another forum, based solely on a trial transcript, particularly where the state's highest court has eschewed such oversight responsibility.[8]

Judge Craven's observation in *Ganger v. Peyton,* 379 F.2d 709 at page 710 (4 Cir. 1967), seems particularly appropriate here

The trial judge clearly charged the law of aiding and abetting, and the jury heard testimony from which it obviously found that one or more of the petitioners had possession of a deadly weapon during the commission of the robbery.

5. Doubts as to whether exhaustion has taken place under the rule of *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), should be resolved against exhaustion unless a petitioner's eligibility for release is imminent. See *Drukin v. Davis et al.,* 538 F.2d 1037, pages 1041–1042 (4 Cir. dated March 23, 1976).

6. *Root* notes that this standard affords relief only in "extreme instances," and suggests that a prisoner who chose and employed his own counsel may have less cause to criticize his trial attorney than one who received the service of a court-appointed lawyer.

7. In *Horne v. Peyton,* at page 633, Chief Judge Haynsworth noted that criticism of a trial at-

torney in retrospect for an alleged error or oversight is not a proper ground for habeas relief "in the absence of a showing of any harmful consequence." The consequences urged by petitioners here are speculative, for they cannot possibly show that the result of their trial would have been any different if their attorneys had undertaken all the steps they now contend were necessary. The allegedly overlooked request to charge common law robbery as an alternative verdict, for example, was not of constitutional magnitude. See *Kearney,* 360 F.2d at page 590.

8. The Court's comment here is not to be construed in any manner as criticism of petitioners' counsel here. He has acquitted himself commendably in raising the question, both here and on the earlier appeal, in an effort to represent the petitioners to the best of his ability. No attorney can do more than this.

as to petitioners' claims that they had ineffective counsel. He observed:

"Seldom does the ineffectiveness of counsel appear on the face of the trial record without the necessity of developing the facts in respect to counsel's conduct in a supplemental proceeding. Denial of relief on the appeal does not mean that consideration of Ganger's contention is foreclosed in the state courts. Ganger should have filed a petition for writ of habeas corpus in the Circuit Court of King George County alleging ineffective representation. . . ."[9]

▆ The contention that the South Carolina procedure whereunder closing arguments are not recorded is constitutionally infirm is rejected by this Court. The opinion of the South Carolina Supreme Court sets out the proper procedure to protect the rights of a defendant who believes that an improper argument has occurred. As did the Supreme Court, this Court will not assume that an improper argument might have occurred which was not objected to by petitioner's trial attorneys. See *Brown v. Smyth,* 271 F.2d 227, 228 (4 Cir. 1959). Moreover, the authorities cited by petitioners to support their contention that the Constitution requires them to obtain a transcript of closing arguments do not recognize such a requirement. A transcript of arguments to a jury is omitted from the requirements set out in *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964),[10] and *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), and *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), make no reference to the reduction of argument to the jury into transcript form.[11]

Petitioners' grounds numbered one through six have been decided by South Carolina courts in compliance with the substantive and procedural law of the state, and present no issue here under the standards for federal habeas corpus review of state trials and appeals. Accordingly, the petition is dismissed as to these grounds. The petitioners have not exhausted state remedies as to ground number seven, the alleged ineffective assistance of counsel at trial, and this claim is dismissed for that reason.[12]

AND IT IS SO ORDERED.

---

9. See *Gilstrap v. Godwin,* 517 F.2d 52 at page 53 (4 Cir. 1975), which reiterates and re-emphasizes the language of 28 U.S.C. § 2254 that exhaustion of state remedies has not been completed so long as a prisoner can challenge his conviction by any available means in a state court.

The petitioners' argument that they offered to agree to a remand by the Supreme Court so the effectiveness of counsel could be heard is a tacit recognition that the record before the appellate court was inadequate to decide the issue. The Post Conviction Procedure Act is still available to them to raise the issue, and they can appeal any decision thereunder if adverse to their claim.

10. Counsel in *Hardy,* as here, was appointed in an appeal after another attorney had represented the appellant at trial. He sought the transcript of trial in order to effectively represent his client on appeal. The United States Supreme Court held:

"We conclude that . . . counsel's duty cannot be discharged unless he has a transcript of the testimony and evidence presented by the defendant and also the court's charge to the jury, as well as the testimony and evidence presented by the prosecution." (375 U.S. at 282, 84 S.Ct. at 428).

11. *Britt* involved an acceptable alternative to a transcript of a mistrial, and *Herring* involved the proscription of a summation to a judge hearing a case without a jury.

12. Petitioners' reliance upon *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), to support their claim that the Supreme Court of South Carolina erred in not reviewing the ineffectiveness of counsel issue they sought to raise on appeal, is also misplaced. That case is inapposite on the facts. Petitioners here have not yet suffered any procedural default, for they have not effectively raised the issue of ineffective counsel at the trial level of the state court system. See *Picard v. Connor, supra,* 404 U.S. at page 276, 92 S.Ct. 509.