[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10352
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-00279-CAP-GGB-33

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR AVALOS CERPAS,
a.k.a. Cesar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 22, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Julio Cesar Avalos Cerpas appeals his total 300-month sentence imposed based

on a guilty plea for conspiracy to distribute at least 5 kilograms of cocaine, in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and 18 U.S.C. § 2 (Count 1); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 20). On appeal, Cerpas argues that in imposing his sentence, the district court: (1) clearly erred in finding that he was responsible for at least 50 but less than 150 kilograms of cocaine; (2) plainly erred and violated his due process rights in relying on the surprise testimony at sentencing of an unreliable witness; (3) clearly erred in denying him an acceptance-of-responsibility reduction, per U.S.S.G. § 3E1.1(a); (4) clearly erred in applying a three-level managerial-role enhancement, per U.S.S.G. § 3B1.1(b); (5) clearly erred in denying him safety-valve relief, per U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f); and (6) plainly erred in relying on improper evidence to determine his sentence. After careful review, we affirm.

We review a district court's factual findings for clear error and its application of the Guidelines to those facts de novo. United States v. McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006). We review alleged discovery violations in a criminal proceeding for abuse of discretion. United States v. Hastamorir, 881 F.2d 1551, 1559 (11th Cir. 1989). We review the district court's determination of acceptance of responsibility under the clear error standard, under which "the sentencing judge is entitled to great deference on review." United States v. Williams, 408 F.3d 745, 756-57 (11th Cir. 2005) (quotation omitted). Similarly, we review the district court's

2

determination that the defendant was entitled to a role enhancement under U.S.S.G. § 3B1.1 for clear error. United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005). We also review "a district court's factual determinations and subsequent denial of 'safety valve' relief for clear error." United States v. Camacho, 261 F.3d 1071, 1073 (11th Cir. 2001).

Where no objection to an issue was raised in the district court, however, we review for plain error only. United States v. Neely, 979 F.2d 1522, 1523 (11th Cir. 1992). We may not correct error on plain error review, "unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights and then only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006) (quotation, ellipsis, and alteration omitted). For an error to be plain, it must be "obvious or clear under current law." United States v. Candelario, 240 F.3d 1300, 1309 (11th Cir. 2001) (quotations omitted).

As background, the government's case against Cerpas relied heavily on transcripts of wiretapped conversations, during which a customer, identified as "Cesar," allegedly made arrangements to purchase drugs and remit drug proceeds with the assistance of other individuals at two different stash houses. In anticipation of trial, the government filed a motion for an order compelling Cerpas to provide a

voice exemplar, which the district court granted. Cerpas, however, declined to provide a voice exemplar, and during the second of four sentencing hearings, the government called a cooperating co-conspirator witness, who had met Cerpas in jail and identified Cerpas' voice as the "Cesar" in the wiretapped conversations. The government also offered into evidence ledgers seized from other stash houses, which included various entries for "Cesar de Latin," and the government called the case agent, who was qualified as an expert, to interpret both the intercepted conversations and the ledgers.

First, we are unpersuaded by Cerpas' arguments that the district court erred in applying the preponderance-of-the-evidence standard at sentencing to resolve disputed facts, and that the government failed to prove by a preponderance of the evidence the drug quantity attributed to him. "It is by now abundantly clear that once a defendant objects to a fact contained in the PSI, the government bears the burden of proving that disputed fact by a preponderance of the evidence." United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009). However, "the preponderance standard is not toothless," and the district court must ensure that the government satisfies its burden with "reliable and specific evidence." Id. (quotations omitted).

> Once the Government has presented proper evidence, the district court must either: (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter

controverted will not be taken into account in sentencing the defendant. If the court declines to resolve a factual challenge because it is not relying on the disputed matter in determining the sentence, it must expressly set out in writing any disputed facts left unresolved.

United States v. Lawrence, 47 F.3d 1559, 1567-68 (11th Cir. 1995) (citation omitted).

The sentencing court's failure to make specific findings of fact, however, does not preclude meaningful appellate review where evidence clearly supports the court's determination. United States v. Villarino, 930 F.2d 1527, 1528-29 (11th Cir. 1991); United States v. Taylor, 88 F.3d 938, 944 (11th Cir. 1996) (declining to remand, although the district court failed to make individualized findings concerning an obstruction-of-justice enhancement, because the record clearly reflected the basis for the enhancement).

"The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004). A sentencing court may consider any information with sufficient reliability. United States v. Riley, 142 F.3d 1254, 1258 (11th Cir. 1998); U.S.S.G. § 6A1.3(a). To this end, a witness's voice identification is competent evidence when the witness has some basis for comparing the defendant's voice with

the voice identified as the defendant's and there is evidence corroborating the identification. Fabacher v. United States, 84 F.2d 602, 604 (5th Cir. 1936).[1]

In addition, the district court can consider "reliable hearsay . . ., so long as the defendant has the opportunity to rebut the evidence or generally to cast doubt upon its reliability." United States v. Query, 928 F.2d 383, 385 (11th Cir. 1991) (quotation omitted). We afford "substantial deference" to the district court "in reaching credibility determinations with respect to witness testimony." United States v. Pham, 463 F.3d 1239, 1243-44 (11th Cir. 2006) (quotations omitted). Witness testimony is incredible as a matter of law if it is "unbelievable on its face." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (quotations omitted). Testimony is unbelievable on its face when the witness testifies to facts that he "physically could not have possibly observed or events that could not have occurred under the laws of nature." Id. (quotations omitted).

We have not explicitly addressed what, if any, inferences may be drawn at sentencing from an individual's refusal to provide a court-ordered voice exemplar. We have held, however, that it was not improper for a prosecutor in his closing arguments to a jury at trial to comment upon the accused's refusal to provide a

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

handwriting exemplar as directed by the court. United States v. Nix, 465 F.2d 90, 93-94 (5th Cir. 1972). We further held that it was not improper for the court to charge the jury that if it found beyond a reasonable doubt that the accused had failed to provide a court-ordered exemplar, it might infer that a comparison of such sample with a questioned signature would have been unfavorable to the defendant. Id.

For starters, the district court did not err in resolving the factual disputes at sentencing under the preponderance-of-the-evidence standard because we have repeatedly affirmed application of that standard at sentencing. Cerpas has also failed to show that the district court clearly erred in making its findings as to drug quantity. As the record shows, the testimony identifying Cerpas as a customer in intercepted conversations was not incredible and was supported by corroborating evidence, and the transcripts of wiretapped conversations could be interpreted plausibly to identify the speaker. Moreover, the evidence sufficed to show that intercepted conversations and ledgers concerned drug transactions, that drug ledger entries corresponded to the drug quantities and dates of delivery discussed in intercepted conversations, and that Cerpas operated stash houses. Therefore, the district court did not clearly err in attributing Cerpas with responsibility for the 50 to 150 kilograms of cocaine associated with the "Cesar de Latin" cell phone.

7

Next, we find no merit in Cerpas' claim -- argued for the first time on appeal -- that the district court erred in relying on surprise opinion testimony because the government's failure to identify the witness before the sentencing hearing was a violation of Cerpas' due process rights.[2] The scope of discovery in criminal prosecutions is narrower than it is in civil cases. United States v. Hancock, 441 F.2d 1285, 1287 (5th Cir. 1971). While we have not addressed the government's disclosure obligations at sentencing, "[a] criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial." United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983). Notably, the denial of a motion for a list of government witnesses "can be challenged only for abuse." Hancock, 441 F.2d at 1286. And the violation of a standing discovery order will result in the reversal of a conviction only if the violation prejudiced the defendant's "substantial rights." United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987) (quotation omitted).

The district court did not err, plainly or otherwise, in relying on an unanticipated witness's testimony at the second sentencing hearing. Indeed, Cerpas has not shown that he had any right to a witness list before sentencing, never moved the court for production of a witness list, and has not demonstrated that he was

---

[2] Although Cerpas objected to the lack of advance notice before the district court, he notably did not argue below that the lack of notice was a violation of his due process rights.

prejudiced by the testimony. Further, since Cerpas raised noncompliance with Fed. R. Crim. P 16(a)(1)(G) for the first time in his reply brief, he has abandoned that argument. United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005).

We likewise reject Cerpas' argument that the district court erred in denying him a two-level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(a). The Guidelines provide for a two-level decrease in a defendant's base offense level if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a); see Williams, 408 F.3d at 756 ("A defendant bears the burden of showing entitlement to a § 3E1.1 reduction."). Although a guilty plea constitutes "significant evidence of acceptance of responsibility[,] . . . this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3). Consequently, "a defendant who falsely denies . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id., comment. (n.1(a)).

In this case, the district court did not clearly err in denying Cerpas a two-level acceptance-of-responsibility reduction, per § 3E1.1(a). Although Cerpas pled guilty, that fact alone did not automatically entitle him to the reduction. See Williams, 408 F.3d at 756-57. During the fourth sentencing hearing, the district court found that Cerpas had not been truthful as to his role in the offense and had not truly accepted

9

responsibility. The district court further found that Cerpas' role was not limited to delivering drug proceeds, as he had admitted, but also included directing the activities of at least two other co-conspirators, coordinating the receipt of 20 kilograms of cocaine, overseeing the stash houses, and laundering drug proceeds. And, notably, Cerpas admitted that he was not eligible for an acceptance-of-responsibility reduction if the government had met its burden with respect to his role in the offense. Because we have concluded that the district court's findings as to Cerpas' role in the offense were not clearly erroneous, and these findings are relevant to the acceptance-of-responsibility inquiry, the district court did not clearly err in denying the acceptance-of-responsibility reduction on this basis.

Cerpas' next claim -- that the district court erred in applying a three-level managerial-role enhancement to his offense level, under U.S.S.G. § 3B1.1 -- is also without merit. Under § 3B1.1, a district court may increase a defendant's role in the offense by three levels if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." Id. § 3B1.1(b). To qualify for an adjustment under this section, the defendant must have been the manager or supervisor of one or more participants. Id. § 3B1.1, comment. (n.2). In United States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999), we held that a defendant who "fronted or directly sold

cocaine to numerous 'runners' who would then sell the drug to buyers" and give the defendant the resulting profit justified a § 3B1.1(b) managerial-role enhancement.

Here, the district court did not clearly err in applying a three-level enhancement, per § 3B1.1(b), for Cerpas' managerial role in the offense. As the preponderance of the evidence showed, Cerpas was the manager or supervisor of at least one other participant in the conspiracy, and Cerpas does not dispute that the conspiracy involved at least five participants or was otherwise extensive.

Nor are we convinced by Cerpas' argument that the district court erred in denying him safety-valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). The safety-valve provision permits the court to impose a sentence below a statutory-minimum sentence if a defendant meets the five criteria set forth in the statutory subsection. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; United States v. Brownlee, 204 F.3d 1302, 1304 (11th Cir. 2000). The "defendant has the burden of proving his eligibility for relief under § 5C1.2." United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

Relevant to this appeal, to satisfy the safety-valve requirements, the defendant must show that he (1) did not have more than one criminal-history point, (2) was not an organizer, leader, manager, or supervisor of others in the offense, and (3) truthfully provided the government with all the information and evidence he had "concerning

the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(1), (4)-(5); U.S.S.G. § 5C1.2(a)(1), (4)-(5). With respect to the third factor identified above, "[t]he burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." Cruz, 106 F.3d at 1557. A district court cannot apply the safety valve if it determines that the defendant "withheld or misrepresented information." United States v. Figueroa, 199 F.3d 1281, 1282-83 (11th Cir. 2000).

On this record, the district court did not clearly err in denying Cerpas safety-valve relief, per § 5C1.2 and § 3553(f). As discussed above, the district court did not clearly err in finding that (1) Cerpas' role in the offense was considerably broader than he had admitted and (2) Cerpas was the manager or supervisor at least one other co-conspirator. Because Cerpas failed to satisfy at least two of the five criteria for safety-valve relief, U.S.S.G. § 5C1.2(a)(4)-(5), he was not eligible for this relief. His remaining arguments concerning his satisfaction of the safety-valve disclosure requirements by written submission and his receipt of two additional criminal-history points, per § 4A1.1(d), are therefore irrelevant.

Finally, we remain unpersuaded by Cerpas' claim -- made for the first time on appeal -- that the district court erred in failing to specify the evidence that it relied on to support its general factual findings. We recognize that sentencing courts should make explicit findings of fact to facilitate judicial review. United States v. Wise, 881 F.2d 970, 972-73 (11th Cir. 1989). As we have noted, however, the sentencing court's failure to make specific findings of fact, however, does not preclude meaningful appellate review where evidence clearly supports the court's determination. Villarino, 930 F.2d at 1528-29.

Here, the district court did not plainly err in failing to specify the evidence that it relied on to support its general factual findings and remand is unwarranted because, as discussed above, there is more than adequate evidence to support the district court's findings. Id.; Taylor, 88 F.3d at 944. Furthermore, Cerpas' argument that the district court erred in considering unspecified or undisclosed evidence fails because Cerpas has not provided any factual support for the allegation. And, contrary to Cerpas' argument, we can in fact presume that the district court credited the government witness's testimony. See Pham, 463 F.3d at 1243-44 (reviewing whether the government carried its burden as to the issue of drug weight and concluding that it had based on proffered witness testimony, which the district court "obviously" found credible, although it did not explicitly say so). Lastly, we cannot agree that the

district court simply adopted the government's theory of the case because Cerpas raises this argument for the first time in his reply brief, see Magluta, 418 F.3d at 1185-86, and moreover, the argument is not supported by the record, which shows that the district court presided over four sentencing hearings and articulated numerous findings that supported its sentence.

**AFFIRMED.**