**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marc Odilance SILIEN,
Defendant-Appellant.**

**No. 86–5359
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1987.

L. Mark Dachs, Miami, Fla., for Silien.

Leon B. Kellner, U.S. Atty., Linda C. Hertz and David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for the U.S.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Marc Silien was convicted of conspiracy to violate United States immi-

gration laws and presenting a false statement under oath in a document required by immigration law and was sentenced to concurrent terms of six months imprisonment. Silien, a Haitian immigrant, had entered into a fraudulent marriage with Katherine Anderson, in order to get permanent resident status in the United States. This putative marriage was arranged by a "marriage broker" in the United States, Bernice Coleman. Anderson was to be paid $1,500 by Silien for her role in the conspiracy. Coleman and Silien were jointly indicted and were jointly tried, along with four other Haitians who participated in such fraudulent marriages. Anderson was a government witness at trial.

On appeal, Silien raises three issues. He first argues that the court erred in denying without an evidentiary hearing Silien's motion to dismiss based on improper selective prosecution. Silien argues that the government acted in a discriminatory manner by singling out only Haitian immigrants who engaged in allegedly fraudulent marriages while declining to prosecute United States citizens who engaged in the same illegal activity. In support, he points to the indictments against the four other persons, all Haitians, who were indicted as coconspirators for entering into similar marriages while none of the putative wives were indicted. Silien argues that the American wives were equally guilty of a crime since they agreed to marry for a fee, agreed to divorce once the husband's immigration status changed, and knowingly filed a false petition to classify alien status with the immigration department. Thus, Silien claims that the prosecution of the Haitian husbands was discriminatorily selective because based upon race.

■ The district court properly held that no evidentiary hearing was required on Silien's claim. In order to prevail in a selective prosecution defense, a defendant must meet the heavy burden of (1) making a *prima facie* showing that he has been singled out for prosecution although other similarly situated persons who have committed the same acts have not been prosecuted; and (2) demonstrate that the government's selective prosecution was unconstitutional because actuated by impermissible motives such as racial or religious discrimination. *United States v. Johnson,* 577 F.2d 1304, 1308 (5th Cir.1978).[1] An evidentiary hearing is not automatically required; instead, the defendant must present facts "sufficient to create a reasonable doubt about the constitutionality of a prosecution...." *United States v. Hayes,* 589 F.2d 811, 819 (5th Cir.), *cert. denied,* 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979).

■ Silien has not presented sufficient facts to make out his claim. It is obvious that the putative wives who were not prosecuted were not similarly situated to the Haitians who initiated the conspiracy. As the Fifth Circuit observed in *United States v. Jennings,* 724 F.2d 436, 445–46 (5th Cir.), *cert. denied,* 467 U.S. 1227, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984), a defendant fails to satisfy the "similarly situated" prong of the selective prosecution defense when those not prosecuted cooperated with the government, or were lower in the organizational structure of the conspiracy than those prosecuted, and when the defendant offers nothing but bare general allegations that the selectivity was motivated by racial considerations. These American women cooperated with the government and testified against the putative husbands at trial. Moreover, the women involved in the marriage fraud can themselves be seen as victims rather than as culpable perpetrators of the conspiracy; these women were mostly poor and were taken in by the Haitians' offers of large sums of money. Since they did not initiate the conspiracy, they can be seen as less culpable than the Haitians. Finally, the American, Bernice Coleman, who arranged the fraudulent marriage *was* prosecuted. Therefore, the government's decision to prosecute the Haitians and the marriage arrangers, but not the putative wives, cannot be seen as discriminatorily based.

---

**1.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

Silien also argues that the district court erred in denying his motion for severance. He claims he was prejudiced by the government's admission of similar act evidence at trial against his codefendant Bernice Coleman. The similar act evidence consisted of the testimony of three witnesses who testified that Coleman had previously arranged fraudulent marriages for Haitians for a fee. The court gave appropriate instructions to the jury that the evidence was only to be used against Coleman and not against Silien.

■ Denial of a motion for severance is reviewed for abuse of discretion. *United States v. Marzalkowski*, 669 F.2d 655, 660 (11th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 167 (1982). Normally, defendants jointly indicted should be tried together and only in the event of compelling prejudice is severance warranted. *Id.* at 660. The test for assessing compelling prejudice is whether it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct, and, if possible, severance should not be granted. *Id.* at 660. The court's instructions in this case clearly informed the jury that they were not to apply the evidence against Silien, and there is no indication the jury would not have been able to heed these instructions. Therefore, the trial court did not abuse its discretion in denying the motion to sever.

■ Silien's final argument on appeal is that the court erred in failing to exclude rebuttal evidence consisting of his immigration file biographical sheet. This biographical sheet impeached Silien's claim that he had never lived at a certain address. Silien maintains that admission of the biographical sheet violated both the court's standing discovery order and Fed.R.Crim.P. 16(a)(1)(A), which requires the production of "any relevant written or recorded statements made by the defendant."

Fed.R.Crim.P. 16(a)(1)(A) provides as follows:

Upon a request of a defendant the government shall permit the defendant to inspect and copy ... any relevant ... statements made by the defendant ... within the possession, custody or control of the government, the existence of which is known ... to the attorney for the government....

The immigration biographical sheet consisted of a written statement signed by Silien and was in the possession of the government. The plain language of the rule indicates that failure to produce this document violated Fed.R.Crim.P. 16(a)(1)(A).

■ However, "[t]his Court will not reverse a conviction based on a violation of Fed.R.Crim.P. 16(a)(1)(A) unless the appellant demonstrates that the violation prejudiced his substantial rights." *United States v. Barragan*, 793 F.2d 1255, 1259 (11th Cir.1986) (citation omitted). Similarly, this court requires a showing of prejudice before reversing a conviction on the grounds that a court's standing discovery order was violated. *Id.* at 1259. In determining whether substantial prejudice exists, we must consider whether the defendant was unduly surprised and did not have an adequate opportunity to prepare a defense, or whether the mistake had substantial influence on the jury. *Id.* at 1259.

Silien fails to satisfy the substantial prejudice test, since he has not shown, and cannot show upon this record, that the mistake had a substantial influence on the jury. While it is true that the document impeached Silien's claim that he had never lived at a particular address, thereby weakening his claim that he was legitimately married, there was much other evidence which served to impeach him on this point. For example, his putative wife testified that he lived at that address and his marriage license listed that address as his residence. Thus, the admission of the immigration document was merely cumulative and cannot be seen as having a substantial influence on the jury. Since Silien has not shown prejudice arising from the violation of Fed.R.Crim.P. 16(a)(1)(A) and the standing discovery order, we do not find that his claim warrants reversal.

For the foregoing reasons, Silien's conviction is

AFFIRMED.