[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15184
Non-Argument Calendar

_____

D. C. Docket No. 04-00197-CR-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK D. WILLIAMS,
a.k.a. Rick Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 30, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Following a jury trial, Roderick D. Williams was convicted of conspiracy to possess with intent to distribute 50 kilograms or more but less than 100 kilograms of marijuana and conspiracy to possess with intent to distribute 50 grams or more but less than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced Williams to 97 months' imprisonment. Williams challenges his convictions on the grounds that the district court constructively amended the indictment, the district court erred in denying his motion to dismiss for selective prosecution, and the district court abused its discretion in admitting evidence of a law enforcement seizure of guns and drugs. He also contests his sentence, arguing that the district court's sentencing procedure violated the Fifth and Sixth Amendments and his sentence was unreasonable. Williams also raises two ineffective assistance of counsel claims. The government seeks to enforce Williams's post-trial appeal waiver. For the reasons set forth more fully below, we affirm.

## I. Appeal waiver

In a post-trial cooperation agreement with the government, Williams waived the right to appeal his conviction and sentence, with the following exceptions: (1) any punishment imposed in excess of the statutory maximum; (2) any upward departure from the Guideline range; and (3) a claim of ineffective assistance of

counsel.  We review <u>de novo</u> the question of whether a "defendant effectively – that is knowingly and voluntarily – waived his right to appeal his sentence . . . ." <u>United States v. Benitez-Zapata</u>, 131 F.3d 1444, 1446 (11th Cir. 1997) (citation and quotation marks omitted).  A "[w]aiver will be enforced if the government demonstrates <u>either</u>: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." <u>Id.</u> (emphasis in original).

We conclude that the government has failed to make such a showing. During the sentencing hearing, the district court did not discuss the specific terms of Williams's appeal waiver, at one point acknowledging that it did not recall the specific content of the waiver.  The district court's comments that Williams "waived certain of [his] rights," "waive[d] some if not all of [his] rights to appeal the sentence itself," and "waived[d] certain of [his] appellate rights of [his] sentence, the sentence itself, and maybe the conviction" were not specific questioning regarding the appeal waiver.  Nor does the record clearly show that Williams otherwise understood the full significance of the waiver.  Williams's acknowledgment in the written agreement regarding his understanding of and voluntary entry into the agreement alone is insufficient to show that the waiver was

3

knowing and voluntary. See United States v. Bushert, 997 F.2d 1343, 1352 (11th

Cir. 1993). At the sentencing hearing, Williams indicated that he did not

understand what the district court said about his right to appeal, and the district

court's subsequent explanation of the appeal waiver did not discuss the specific

limitations on Williams's right to appeal.[1] Given Williams's expressions of

confusion and the failure of the district court to ensure that Williams understood

the extent to which he was giving up his right to appeal, we hold that the

_____

[1] After the district court explained that Williams waived some of his rights, but that he had a right to appeal, Williams personally addressed the court as follows:

THE DEFENDANT: Excuse me. I'm sorry.

THE COURT: That's all right.

THE DEFENDANT: I didn't understand what you just --

THE COURT: About the right to appeal?

THE DEFENDANT: Yes, ma'am.

THE COURT: You have a right to appeal your conviction. You also have a right to appeal the sentence under certain circumstances.

THE DEFENDANT: Yes, ma'am.

THE COURT: However, you entered into an agreement that waives certain of your appellate rights of your sentence, the sentence itself, and maybe the conviction. I don't recall what your agreement actually said. But those types of waivers have generally been held to be enforceable by the appellate courts. But if you believe it to be unenforceable, you can test that theory in the appellate court. But you need to rely on the advice of your counsel in that regard.

THE DEFENDANT: Yes, ma'am.

government has failed to establish that Williams's waiver was knowing and voluntary.

## II. Selective prosecution

Williams's race-based selective prosecution challenge is based upon the government's treatment of Shane Godwin, who Williams contends was indicted as a result of his selective prosecution claim. Williams contends that Godwin was similarly situated because he had equal or greater involvement in the conspiracy, but was indicted for possession with intent to distribute methamphetamine and not for conspiracy.

In reviewing the denial of a motion to dismiss for selective prosecution, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Smith, 231 F.3d 800, 806 (11th Cir. 2000). Where selective prosecution is based on race, the defendant must establish, by clear and convincing evidence, that similarly situated individuals of a different race were not prosecuted for the type of conduct with which the defendant has been charged and that the selective prosecution was motivated by a discriminatory purpose. Id. at 808-09; United States v. Burton, 871 F.2d 1566, 1574 n.3 (11th Cir. 1989).

> [A] "similarly situated" person for selective prosecution purposes [is] one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant–so that any prosecution of that individual

5

would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan–and against whom the evidence was as strong or stronger than that against the defendant.

Smith, 231 F.3d at 810.

> [A] defendant fails to satisfy the "similarly situated" prong of the selective prosecution defense when those not prosecuted cooperated with the government, or were lower in the organizational structure of the conspiracy than those prosecuted, and when the defendant offers nothing but bare general allegations that the selectivity was motivated by racial considerations.

United States v. Silien, 825 F.2d 320, 322 (11th Cir. 1987).

Godwin was not prosecuted for the type of conduct – methamphetamine conspiracy – for which Williams was charged. In support of his motion to dismiss, Williams relied upon a bare allegation that Godwin was involved in the conspiracy, offering no evidence in support of his contention. The government, however, responded with evidence that Williams's role in the conspiracy, as a drug supplier, was higher in the organization than Godwin. The government's evidence is consistent with evidence in the record on appeal. Based on evidence that Williams supplied multiple people with marijuana and methamphetamine, while Godwin was an occasional purchaser of methamphetamine from a middle-man between himself and Williams, we hold that the district court did not err in finding that Godwin was not similarly situated. See Smith, 231 F.3d at 812 ("The

6

government can legitimately place a higher priority on prosecuting someone who commits an offense three, six or seven times, than someone who commits an offense once or twice, especially when the offense is a non-violent one. Likewise, the willingness of a jury to convict a defendant of a crime may increase with the number of times that defendant has committed the crime.").

### III. Constructive amendment of the indictment

The district court instructed the jury on the elements of the conspiracy charges, and informed the jury that, if they found Williams guilty on either count, they would have to determine the amounts of marijuana and of a mixture and substance containing methamphetamine involved in the offense. The court further instructed the jury that:

> after you've considered both of those counts, there's a second page to this verdict form, and it says: "If and only if you find the defendant guilty as charged in either or both counts two and/or three of the indictment, you must also determine if the defendant possessed with intent to distribute cocaine and pure methamphetamine, also known as crystal meth or ice. If you find the defendant did possess with intent to distribute either or both of these two controlled substances, you must also determine the amount of the substance involved."

During deliberations, the jury requested a clarification of possession with respect to this portion of the verdict form. In response, the district court referred the jury to the instructions on possession and possession with intent to distribute. Williams contends that the district court's response to the jury's question permitted

7

a verdict of guilty based on the finding that he possessed with intent to distribute methamphetamine instead of based on the conspiracy charges, thereby constructively amending the indictment.

A constructive amendment of the indictment is per se reversible error. United States v. Flynt, 15 F.3d 1002, 1005 (11th Cir. 1994). However, because Williams raised no objection on this ground before the district court, we review his claim for plain error. Id. at 1006. "A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the indictment." United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002) (citation and quotation marks omitted). "In determining whether an indictment was constructively amended, we must assess . . . the court's instructions 'in context' to see whether the indictment was expanded either literally or in effect." United States v. Castro, 89 F.3d 1443, 1453 (11th Cir. 1996).

The jury initially was instructed on the two conspiracy charges in the case and then informed that, only if they found Williams guilty on at least one of those charges could they consider whether he possessed with intent to distribute cocaine and pure methamphetamine. The district court's response to the jury's question did not alter its earlier instruction to consider these drugs only after finding

8

Williams guilty of at least one of the conspiracy charges. Therefore, neither the verdict form nor the district court's response to the jury's question allowed the jury to find Williams guilty of a substantive possession charge instead of the charged conspiracies, and there was no constructive amendment of the indictment.

## IV. Admission of evidence

The evidence at trial revealed that Williams sold marijuana and methamphetamine to Damien Mosley. At trial, Mosley testified that he observed people deliver drugs to Williams which Williams ultimately gave him. As to one of these deliveries, Mosley testified that he and Williams went to a trailer in Atlanta where he saw about three "Mexicans" as well as a large bale of marijuana and lots of guns on the bed. At the trailer, he and Williams obtained about ten pounds of marijuana. Mosley further testified that Williams told him that, the day after they had gone to the trailer, the task force came to the trailer and made arrests. The district court permitted the government to introduce evidence of a raid of that trailer by law enforcement. The district court allowed the government to elicit the testimony regarding the guns seized during the raid, but denied admitting the photograph of the weapons. The district court allowed the admission of the photograph of the drugs, noting that the evidence was corroborative.

During Mosley's testimony, he identified a photograph as the trailer where

9

he and Williams received the drugs. Scott Oliver, a law enforcement officer with the City of Atlanta police department, identified the same photograph as the location of an August 8, 2003 search in which he participated. Oliver testified that three Mexican males were arrested and officers seized 7.5 pounds of methamphetamine, 10 pounds of marijuana, $20,000, and approximately 25 assault weapons. During Oliver's testimony, the government introduced one photograph picturing the drugs and currency seized from the trailer.

Williams argues that the district court erred in allowing the government to introduce the evidence of the raid under Fed.R.Evid. 404(b). Williams contends that the evidence was irrelevant, not related to the charged conspiracy, temporally and geographically remote, and more prejudicial than probative. We review the district court's evidentiary rulings for abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006), cert. denied, 127 S.Ct. 1305 (2007). Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed.R.Evid. 404(b).

> [E]vidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b), and thus falls outside the scope of the

Rule, when it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. And evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted. Nonetheless, evidence of criminal activity other than the charged offense, whether inside or outside the scope of Rule 404(b), must still satisfy the requirements of Rule 403.

United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (citations, quotation marks, and emphasis omitted) (second alteration in original).

"Mere corroboration of testimony . . . fails to justify the introduction of unrelated bad acts." United States v. Lehder-Rivas, 955 F.2d 1510, 1518 (11th Cir. 1992) (holding that, "[b]ecause Lehder's method of labeling his cocaine packages was not critical to the prosecution's establishment of a conspiracy, the district court abused its discretion by admitting this highly prejudicial evidence."). In this case, there is evidence of a relationship between the seizure and the charged marijuana conspiracy, as the August 2003 raid and seizure at the trailer took place during the course of the charged conspiracy and involved a source of Williams's supply of marijuana. Evidence of the seizure corroborated Mosley's testimony, making it

11

more likely that Williams obtained marijuana from the people in the trailer. In addition, the prejudicial effect of the evidence is minimized because Oliver testified that Williams was not involved in the raid. The admission of this evidence did not amount to an abuse of discretion.

## V. Sentence enhancements

The jury found that Williams conspired to possess with intent to distribute 50 kilograms or more but less than 100 kilograms of marijuana and conspired to possess with intent to distribute 50 grams or more but less than 500 grams of a mixture and substance containing a detectable amount of methamphetamine. The jury determined that Williams possessed with intent to distribute 36 grams of crystal methamphetamine but did not possess with intent to distribute cocaine. The presentence investigation report ("PSI") assigned Williams a base offense level of 32, holding him accountable for 1,166 kilograms of marijuana. To calculate this total, the probation officer relied on the drug quantities found by the jury and converted the methamphetamine into its marijuana equivalency, specifically: (1) using the minimum 50 kilograms of marijuana, (2) finding that the evidence supported Williams's involvement in at least 198 grams of methamphetamine, which was within the 50 to 500-gram range found by the jury, and which converted to 396 kilograms of marijuana; and (3) converting the 36 grams of crystal

12

methamphetamine into 720 kilograms of marijuana. No enhancements were applied to Williams's offense level and he received a two-level safety valve reduction, for a total offense level of 30.

On appeal, Williams argues that the use of the 36 grams of crystal methamphetamine at sentencing violated the Fifth Amendment's grand jury right because these facts were not charged in the indictment. Williams also argues that, pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he could only be sentenced at his base offense level and not based on facts which were neither found by a jury, stipulated to in a plea agreement, or not the subject of a knowing and intelligent waiver.

Because Williams did not raise these arguments before the district court, we review his claims for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005). Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. If these three conditions are met, we may notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation marks omitted).

Williams's methamphetamine conspiracy conviction carried a 40-year (480-

month) statutory maximum and his marijuana conspiracy conviction carried a 20-year (240-month) statutory maximum. See 21 U.S.C. §§ 841(b)(1), 846. Williams was sentenced to 97 months' imprisonment under the advisory Guidelines. The district court submitted the question of the amount of pure methamphetamine to the jury for the purpose of determining the applicable quantity for its Sentencing Guidelines calculations. The court did not find facts regarding the drug quantities beyond those found by the jury and Williams's sentence did not exceed the applicable statutory maximums. The district court's sentencing procedure, therefore, did not violate either Williams's Fifth or Sixth Amendment rights. See Almendarez-Torres v. United States, 523 U.S. 224, 228, 118 S.Ct. 1219, 1223, 140 L.Ed.2d 350 (1998) ("An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime.") (citation omitted); Odili v. U.S. Parole Comm'n, 474 F.3d 1255, 1263 (11th Cir. 2007) (holding that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) was not violated where the sentence did not exceed the applicable statutory maximum); United States v. Thomas, 446 F.3d 1348, 1355 (11th Cir. 2006) (holding that where the defendant's sentence does not exceed the statutory maximum and the district court applies the Guidelines as advisory, the district court does not err by

14

enhancing the defendant's sentence based on facts not charged in the indictment or admitted by him); United States v. Dulcio, 441 F.3d 1269, 1277 (11th Cir. 2006) (holding that there was no constitutional Booker error because the defendant's sentence was enhanced solely based on the 19 kilograms of cocaine found by the jury at trial); United States v. Gibson, 434 F.3d 1234, 1250 n.30 (11th Cir.), cert. denied, 126 S.Ct. 2911 (2006) (noting that the application of U.S.S.G. § 4B1.1 would not violate the Fifth Amendment because it would not exceed the applicable statutory maximum under the U.S. Code). Moreover, by failing to object to the drug quantities used in the PSI, Williams admitted these facts. See United States v. Williams, 438 F.3d 1272, 1274 (11th Cir.), cert. denied, 127 S.Ct. 195 (2006) (holding that the failure to contest drug amount in the PSI constitutes an admission of that quantity).

## VI. Reasonableness

Williams's challenge to the reasonableness of his 97-month sentence is based upon the 30-month sentence received by his codefendant, which he relies upon to argue that his sentence creates a risk of significant sentencing disparities between courts and is otherwise unnecessarily severe.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

15

Our review for reasonableness is deferential. Thomas, 446 F.3d at 1351. When reviewing a sentence for reasonableness, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), cert. dismissed, (U.S. June 28, 2007) (No. 06-7352). The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Williams's sentence was at the low end of his 97 to 121-month Guideline range, and was the sentence Williams, through counsel, requested at the sentencing hearing. Williams's codefendant pleaded guilty and testified against Williams at Williams's trial. Williams's reliance on the length of his codefendant's sentence, in and of itself, fails to convince us that his sentence was unreasonable.

## VII. Ineffective assistance of counsel

16

Williams raises two ineffective assistance of counsel claims on appeal. As to Williams's first claim, it is unclear whether he claims that counsel was ineffective for failing to object on the ground that Oliver was not on the government's witness list or was ineffective for failing to request that the government produce its witness list and evidence against Williams. Williams also argues that counsel was ineffective for failing to object on the ground that the verdict form constituted a constructive amendment of the indictment because it charged him with possession with intent to distribute crystal methamphetamine.

Generally, we do not review a claim of ineffective assistance of counsel raised on direct appeal when the district court did not entertain the claim or develop a factual record. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). "If the record is sufficiently developed, however, [we] will consider an ineffective assistance of counsel claim on direct appeal." Id. We review such a claim de novo. Id. We will not consider Williams's first claim on direct appeal. However, given our earlier holding that there was no constructive amendment of the indictment where the district court instructed the jury to determine whether and to what extent Williams possessed with intent to distribute crystal methamphetamine, we reject Williams's claim that trial counsel was ineffective for failing to object on this ground. See Lucas v. Wainwright, 604 F.2d 373, 375 (5th

17

Cir. 1979) (holding that, where jury has been properly instructed, counsel is not ineffective for failing to object to an instruction).

In light of the foregoing, Williams's convictions and sentence are

**AFFIRMED.**