UNITED STATES of America, Plaintiff(s),

v.

Carmelo VELAZQUEZ–APONTE [1], Defendant(s).

Criminal No. 11–257 [1] (DRD)

United States District Court, D. Puerto Rico.

Signed June 24, 2016

Justin R. Martin, U.S. Attorney's Office, San Juan, PR, for Plaintiff.

Jose R. Aguayo, Jose R. Aguayo Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, United States District Judge

Pending before the Court are the following motions: (a) *Motion to Sever* filed by defendant Carmelo Velazquez–Aponte ("Velazquez–Aponte"), Docket No. 206; (b) *United States' Response to Defendant's Motion to Sever Counts*, Docket No. 211.[1] For the reasons set forth below, the *Motion to Sever*, Docket No. 206, is denied.

### Factual and Procedural Background

The facts in the instant case are relatively easy to narrate. Defendant Velazquez–Aponte was arrested on June 21, 2011, and indicted on July 6, 2011. *See* Docket entries No. 3 and 8. Mr. Velazquez–Aponte is charged with several crimes of violence, to wit, a spree of four carjackings during three consecutive days; a violent, intentional and malicious death during one carjacking; two weapons stolen during the course of two carjackings; the use of the stolen weapons on three of the four carjackings, and lastly, the defendant seriously and critically injured an officer of the Puerto Rico Police Department, who almost lost his life as a result of the shots received from the defendant in the last carjacking.

### The Indictment

As stated above, the indictment charges the defendant for violations to 18 U.S.C. § 2119(3); 18 U.S.C. §§ 924(c) and 924(j)(1); 18 U.S.C. §§ 922(g)(1), 922(j), and 924(a)(2).

Defendant Velazquez–Aponte is charged with eleven Counts in an indictment returned on July 6, 2011. *See* Docket No. 8. The counts include violations for four carjackings executed by the defendant during the period of three consecutive days, which also include a violent, intentional and malicious death of Richardson Mieses–Pimentel during the course of the June 18, 2011 first carjacking. The indictment also charged the defendant with the commission of knowingly causing grave risk of death to one or more persons in addition to the intentional death of Richardson Mieses–Pimentel during the June 18, 2011 first carjacking. *See* Docket No. 8, Counts One and Two.

The indictment also charge the defendant with being in possession of two stolen firearms at the time of his arrest on June 21, 2011, to wit: (a) a black .40 caliber Smith & Wesson, model 140, serial number VYV–8231, registered under the name of the victim's name, Richardson Mieses–Pimentel; and (b) a silver 9mm Smith & Wesson, model 5906, serial number RJF–

---

1. The Court notes that the defendant filed a motion to sever Count Nine from Counts One thru Eight. *See* Docket No. 222, filed on Sunday, June 19, 2016 at 3:37 p.m. stressing that Count Nine not being severed would case the jury to start the case knowing that the defendant had incurred in a prior felony before he was charged with the instant case involving various carjackings, and that may constitute to harmful to the defendant.

2301, the duty firearm weapon of Puerto Rico Police Officer Daniel J. Rivera–Martinez. *See* Docket No. 211, page 4. *See also* the *Indictment*, Docket No. 8, page 6, Counts Ten and Eleven.

On June 6, 2016, the defendant moved the Court to sever the counts, as there are really three events, which are unrelated to each other. *See* Docket No. 206. The United States filed its response objecting to the severance of the counts. *See* Docket No. 211.

After a long procedural history, as the defendant was originally death eligible, the jury trial is now set for June 27, 2016. Our analysis follows.

### Applicable Law and Discussion

Rule 8 of the Federal Rules of Criminal Procedure ("Fed.R.Cr.P.") provides in its relevant part:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or the similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. . . .

Rule 14 of the Fed.R.Cr.P. provides in its relevant part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir.1995), the Court set forth the analysis under Rules 8(a) and 14(a) of the Fed.R.Crim.P., and held:

> Separate offenses may be joined in the same indictment if the charges are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed.R.Crim.P. 8(a). In determining whether counts are properly combined for trial, we historically have considered whether the charges are laid under the **same statute**, whether they invoke similar victims, **locations, or modes of operation, and the time frame in which the charged conduct occurred.** *See, e.g., United States v. Chambers*, 964 F.2d 1250 –51 (1st Cir.1992); *United States v. Gray*, 958 F.2d 9, 14 (1st Cir.1992). Under the present circumstances, joining the three counts lodged against appellant does not constitute plain error. (Emphasis ours).

*See also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir.2006); *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir.2002) (" 'Similar' does not mean 'identical,' and we assess similarity in terms of how the government saw its case at the time of the indictment. *United States v. Edgar*, 82 F.3d 499, 503 (1st Cir.1996)").

Lastly, in *United States v. Richardson*, 515 F.3d 74, 80 (1st Cir.2008), the Court held:

> **The question of whether joinder of offenses unduly prejudices a defendant is addressed to the district court's sound discretion.** *United States v. Casas*, 425 F.3d 23, 36 (1st Cir.2005), *cert. denied*, 547 U.S. 1061, 126 S.Ct. 1670, 164 L.Ed.2d 409; *United States v. Alosa*, 14 F.3d 693, 694–95 (1st Cir. 1994); *see also United States v. Fenton*, 367 F.3d 14, 22 (1st Cir.2004) ("**Severance on the ground of undue prejudice**

is a judgment call and, thus, is a matter committed to the trier's informed discretion.'). (Emphasis ours).

*See also United States v. Burgos*, 254 F.3d 8, 13–14 (1st Cir.2001) ("We will overturn a court's exercise of its discretion in considering a motion for severance 'only upon a demonstration of manifest abuse.' *United States v. Boylan*, 898 F.2d 230, 246 (1st Cir.1990)"); *United States v. Baltas*, 236 F.3d 27, 34 (1st Cir.2001)("The district court took appropriate measures to prevent potential spillover prejudice by instructing the jury, both during the preliminary and closing charges, to consider the evidence separately as to each count of the indictment, and to determine guilt on an individual basis"); *United States v. Lara*, 181 F.3d 183, 205 (1st Cir.1999) (a carjacking case) ("In the face of properly preserved objections, we evaluate challenged jury instructions under an abuse of discretion rubric, considering the charge as a whole. *See United States v. DeStefano*, 59 F.3d 1, 2–3 (1st Cir.1995); *United States v. Cintolo*, 818 F.2d 980, 1003 (1st Cir. 1987)").

The Court notes a recent opinion from the United States Court of Appeals for the Eleventh Circuit issued in 2016, which is worth including in our analysis.

In *United States v. Bowers*, 811 F.3d 412, 422 (11th Cir.2016), *cert. denied*, —— U.S. ——, 136 S.Ct. 2401, 195 L.Ed.2d 772 (May 31, 2016), the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") held that, "[w]hen reviewing motions to sever, we first address whether joinder of the counts was proper under Federal Rule of Criminal Procedure 8(a) before proceeding to a prejudice analysis under Rule 14(a). *See United States v. Barsoum*, 763 F.3d 1321, 1337 (11th Cir. 2014)."

The facts and analysis in *Bowers* are very similar to the instant case, as in both cases the defendants committed: (a) several **armed** robberies; (b) **carried, used and brandished a weapon when committing a crime of violence;** (c) **the crimes of violence were committed in a short period of time, showing a consistent and repetitive pattern of operation or an identical *"modus operandi"*** in all the crimes charged in the indictment. (Emphasis ours). Further, in *Bowers*, the district court denied the request to sever the counts, and the Eleventh Circuit affirmed the district court on appeal. In *Bowers*, the Court agreed to examine the case under the "same or similar character" prong under Rule 8(a). 811 F.3d at 422. "If joinder is appropriate, then Rule 14(a) gives the district courts the discretion to 'order separate trials of counts' when 'the joinder of offense ... appears to prejudice a defendant ...' Fed.R.Crim.P.14(a)." *Id.* "For the denial of a motion to sever to be error under Rule 14(a), a defendant must demonstrate that failure to sever 'result[ed] in compelling prejudice against which the district court could offer no protection.' *United States v. Walser*, 3 F.3d 380, 385 (11th Cir.1993)." *Id.* "In *Walser*, we defined the test for compelling prejudice as

whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence **against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict."** *See United States v. Silien*, 825 F.2d 320, 323 (11th Cir.1987). If so, **"though the task be difficult,"** there is no compelling prejudice. *United States v. Fernandez*, 892 F.2d 976, 990 (11th Cir. 1989), *cert. dismissed*, 495 U.S. 944, 110 S.Ct. 2201, 109 L.Ed.2d 527 (1990). **Moreover, if the possible prejudice**

may be cured by a cautionary instruction severance is not required. *United States v. Jacoby*, 955 F.2d 1527, 1542 (11th Cir.1992).

. . .

Moreover, the district court instructed the jury to consider each charge in the indictment separately and not to permit a verdict on one count to affect deliberations regarding another count. "Absent evidence to the contrary, we presume that the jury was able to follow the court's instructions . . . ." *United States v. Badia*, 827 F.2d 1458, 1466 (11th Cir.1987), *cert. denied*, 485 U.S. 937, 108 S.Ct. 1115, 99 L.Ed.2d 275 (1988). (Emphasis ours).

3 F.3d at 386–387.

In the instant case, the indictment shows that defendant Velazquez–Aponte committed four violent crimes, using force, violence and intimidation, including the violent death of a person, as well as injuring a police officer, all in an alleged local shoot out, in the short period of time of three consecutive days. *See* Docket No. 8. The Indictment further charges the defendant of knowingly possessing a "stolen firearms" which responds to the stolen firearm of the carjacking victim, Richardson Mieses–Pimentel, killed on June 18, 2016, during the first carjacking included in the indictment, and the duty firearm assigned to the injured law enforcement agent of the Puerto Rico Police Department. *See* Docket No. 8, Counts Ten and Eleven.

On June 20, 2011, the defendant allegedly shot and critically injured a police officer, wherein several police officers were involved in the shooting. Thereafter, Mr. Velazquez–Aponte fled the scene in a police car that belonged to the Carolina Municipal Police. *See* Docket No. 211, page 3. The defendant, as stated above, also took illegal possession of the duty firearm belonging to one of the police officers involved in the shooting. *Id. See also* Docket No. 8, Counts Ten and Eleven.

It is important to note that according to the indictment, the defendant carried and used an unidentified firearm [2] described in Count Two of the indictment to commit the June 18, 2011 carjacking:

> On or about June 18, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, CARMELO VELAZQUEZ–APONTE, **the defendant herein, did knowingly carry and use a firearm, which firearm was discharged, during and in relation to a crime of violence** for which he may be prosecuted in a court of the United States, that is, carjacking, in violation of Title 18, United States Code, Section 2119, as set forth in Count One of this Indictment, which allegations are re-alleged and incorporated by reference herein, **and in the course of this violation caused the death of person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Richardson Mieses–Pimentel by shooting him with a firearm willfully, deliberately, maliciously, and with premeditation, and in the perpetration of, and attempt to perpetrate, a robbery, in violation of Title 18, United**

---

**2.** The Court notes that there are four carjackings in three days, and the defendant used three weapons to commit some of the violent crimes. Pursuant to the indictment, the June 18, 2011 carjacking was perpetrated with an unidentified firearm, *albeit*, the indictment refers to said firearm in Count Two. The other two stolen weapons, to wit, the firearm stolen from Richardson Mieses–Pimentel, and from the injured law enforcement agent from the Puerto Rico Police Department, as charged in Counts Ten and Eleven.

States Code, Section 924(c)(and 924(j)(1). (Emphasis ours).

Furthermore, pursuant to the indictment the defendant used the stolen firearms to commit the violations charged in Counts Three, Four, Five, Six, Seven, Eight, Ten and Eleven. It appears from Counts One and Two that the defendant used one unidentified firearm to commit the violations charged in Counts One and Two, that is, the June 18, 2011 carjacking and maliciously, allegedly murdered Richardson Mieses–Pimentel. Indeed, after murdering Mr. Mieses-Pimentel, the defendant stole the weapon in possession of Mr. Mieses–Pimentel. *See* Docket No. 211, page 2.

■ On June 6, 2016, the defendant moved to sever. *See* Docket No. 206. On June 9, 2016, the Government filed its response to defendant's motion to sever. *See* Docket No. 211. Our analysis follows.

Defendant Velazquez–Aponte alleges that the severance of the counts is warranted, as the events should be divided into three different events: "(1) the alleged carjacking on June 11, 2011, and (2) the alleged carjacking of June 19, 2011, and (3) the two carjacking alleged to have occurred on June 20, 2011." *See* Docket No. 206, page 4. Defendant further alleges that "each of these groups of events is distinct one from the other, and there is no relation to the three groups of carjackings . . . each one occurred [sic] separate dates, in different places and under separate conditions." *Id.* "Based on the discovery provided, it is relatively clear that the evidence with relation to the carjacking of June 18, 2011, is substantially weaker than the one of the other events." *Id.* In general, defendant alleges that the evidence is very weak, as there are no eyewitnesses, and a poor quality security video. *See* Docket No. 206, page 4.

Defendant avers that the evidence as to the other carjackings is stronger, *see* Docket No. 206, page 5, and that the jury may convict Velazquez–Aponte on the "events" of June 18, 2011, "based on the strength of the evidence of the other events and not on the strength of the evidence for that particular event." *Id.* Defendant cites *United States v. Jordan,* 112 F.3d 14, 16 (1st Cir.1997) in support of his argument.

Furthermore, the defendant argues that "given the lack of witnesses as to the participation of Mr. Velazquez Aponte on events of June 18, but the fact that Mr. Velazquez Aponte was arrested in possession of the vehicle carjacked on that date, the jury could determine that he did not carjack the vehicle but was rather in the possession of stolen goods." *See* Docket No. 206, page 5. "Such a defense is not available as to the other events . . . given the comparative strengths of the separate events, a jury, upon reaching a verdict as to the other events might punish defendant as to the events of June 18, 2011, **a clear prejudice in trial strategy as to him.**" (Emphasis added). *See* Docket No. 206, pages 5–6. The Court is not persuaded by the defendant's argument.

In the instant case, the defendant is only challenging the sufficiency of evidence as to Count One, as opposed to the other Counts. The Court finds that Count One is sufficient *per se*, as the count as charged is sufficient at law, independent from the other counts that may have more allegations and eyewitnesses. The matter of sufficiency is premature at this stage of the proceedings, and is left for another day under Rule 29.

The defendant, however, does not challenge the joinder of the counts. Indeed, the defendant admits that the evidence for the events that occurred on June 18, 2011 are different from the other three carjackings

that occurred on June 19 and 20, 2011, because there are no eyewitnesses for the June 18, 2011 carjacking and murder of Mr. Mieses–Pimentel, as opposed to the events that occurred on June 19 and 20, 2011, wherein there are eyewitness.

On June 9, 2016, the Government filed its response to defendant's motion to sever. *See* Docket No. 211. The Government recounts a detailed factual background of the violent criminal acts that led to the charges included in the indictment filed against the defendant. The Government relates how the events charged in the indictment transpired, from the four carjacking to the unfortunate death of an innocent victim; the critically injured law enforcement agent of the Puerto Rico Police Department, as well as the stolen weapons. *See* Docket No. 211.

The Government opposes the severance of counts based on the analysis made by the court in *United States v. Taylor*, 54 F.3d 967 (1st Cir.1995). *See* Docket No. 211, page 2.

The Government further correctly adds and argues "that divorcing Count One would leave out essential prosecution theories to the remaining counts." *See* Docket No. 211, page 5. "The fact that the Defendant fled the scene from the first carjacking with a firearm in subsequent crimes and shoot-outs with the police." *Id.* "The fact that the Defendant was fleeing from either a murder scene, carjacking, or shoot-out with the police provides *motive* for each subsequent criminal act." *Id.* at pages 5–6. "In conclusion, all the evidence in these counts must be presented in the same jury trial. *Id.* at page 6. "The Defendant did not change his clothes during the entire crime spree. Every witness describes the Defendant as wearing black or dark shorts, black or dark pants, and black shoes." *Id.* at page 6. "This matches the description of the Defendant in the surveil-lance video." *Id.* Most critically, "[t]he firearm belonging to the deceased victim, Richardson Mieses–Piementel, was taken from the murder scene." *Id.* "Just a few days later, the firearm is in the possession of the Defendant. The Defendant's DNA matches not only the DNA found on the deceased victim's firearm, but also the DNA taken from the steering wheel of the 2002 Ford Explorer Sport Trac that belonged to the murder victim." *See* Docket No. 211, page 6.

In sum, the two stolen weapons, that allegedly were found in defendant's possession at the time of his arrest, were used on the carjackings committed on June 19 and 20, 2011, as defendant's DNA was found allegedly in both stolen weapons at the time of his arrest. Hence, it is the same evidence and the same defendant's DNA found in all charges of the indictment, thus, the Court finds that severance of counts is not warranted.

The Court is to provide a strong instruction that each count must be divided pursuant to the evidence of that specific count, and said evidence exclusive as to that count cannot pass as to the other counts unless they are reproduced in the other counts (*i.e.*, similar clothes; same or similar weapons, etc.). Further, the fact that the defendant is found non-guilty or guilty of any count does not affect the determination of non-guilty or guilty in any prior or subsequent counts in the instant case. Hence, all counts are to be determined separately not affecting any other count are to be determined on the evidence of that particular count. The Court invites the defendant's counsel to provide the Court a strong instruction as to this particular matter. The United States is also to provide an instruction to the Court concerning this issue to avoid prejudice to the defendant.

## Conclusion

For the reasons set forth above, the Court finds that the defendant's *Motion to Sever*, Docket No. 206, is DENIED. Jury trial is set to proceed as scheduled on June 27, 2016 at 9:00 a.m.

IT IS SO ORDERED.